**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**JERRY E. NUTT, D.D.S., DENTAL**
**CONSULTING & MANAGEMENT, INC.,**
        **Plaintiffs,**

v.

                                            **CASE NO: 3:06mc14/MCR**

**GEORGIA CREDIT & COLLECTIONS**
**BUREAU, INC. and LOWELL &**
**ASSOCIATES, INC.,**
        **Defendants.**

v.

**Bank of Pensacola**
**7150 N. 9th Avenue**
**Pensacola, FL 32524-7885**
        **Garnishee.**
_____/

**ORDER DISSOLVING WRIT OF GARNISHMENT**

    THIS MATTER comes before the court on the motion to intervene filed by Southern States Credit & Collection Bureau, Inc. ("Southern") (doc. 9) and Southern's motion to dissolve plaintiffs' writ of garnishment and its request for an immediate hearing (doc. 11).[1]

    Southern's motion to intervene is granted. In addition, essentially for the reasons stated in Southern's motion to dissolve the writ of garnishment, that motion is also granted.[2] See Live Supply, Inc. v. C & S Plumbing, Inc., 402 So.2d 505, 506 (Fla. 4th DCA

---

[1] Although neither of the pending motions complies with N.D.Fla.Loc.R. 7.1(B), the court shall excuse such deficiency in this instance.

[2] The court notes that plaintiffs should have, but did not, file an affidavit in support of their assertion that "[Southern] and Florida Credit & Collections Bureau, Inc. are the alter egos of Defendants

Case No. 3:06mc14/MCR

1981).

      Accordingly, it is ORDERED:

      1.     Southern's motion to intervene (doc. 9) is granted.

      2.     Southern's motion to dissolve the writ of garnishment (doc. 11) is granted.

The request for an immediate hearing on the motion is denied, as moot.

      DONE AND ORDERED this 17th day of November, 2006.

                                  s/ *M. Casey Rodgers*
                                  **M. CASEY RODGERS**
                                  **UNITED STATES DISTRICT JUDGE**

---

and possess no separate corporate existence." (Doc. 2 at 2). Nor did plaintiffs request an evidentiary hearing in support of their motion to issue the writ. Unfortunately, absent these actions by plaintiffs, the court was not alerted to the defect in plaintiffs' motion.

      As a final matter, the court assumes, but does not conclude, that plaintiffs are free to refile a motion for issuance of writ of garnishment. Such motion should, of course, be properly supported and include a motion for an evidentiary hearing.

Case No. 3:06mc14/MCR